# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DEREK B. BRETT, on behalf of himself and
all others similarly situated,

           **Plaintiff,**

-vs-                                        **Case No.  6:08-cv-1168-Orl-28GJK**

                                        **(Previous Case No. 2:07-cv-464-FtM-34DNF)**

TOYOTA MOTOR SALES, U.S.A., INC.,

           **Defendant.**
_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **DEFENDANT'S MOTION TO DISMISS** (Doc. No. 25) |
| **FILED:**       **September 10, 2007** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** |

## I.    PROCEDURAL BACKGROUND

On July 24, 2007, Derek B. Brett (the "Plaintiff") filed a putative Class Action Complaint (the "Complaint") against Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc. (the "Defendant") alleging: (1) a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201, et. seq., Florida Statutes; and (2) an equitable claim for unjust

enrichment.   Doc. No. 1.[1]   On September 10, 2007, the Defendant filed the present Motion to Dismiss (the "Motion").   Doc. No. 25.   On October 5, 2007, the Honorable Douglas N. Frazier granted in part and denied in part the Defendants' unopposed motion (Doc. No. 33) to extend the deadline to respond to any discovery and to extend the deadline to provide initial disclosures until forty-five days after the Court ruled on the Motion.   Doc. No. 38.   Magistrate Frazier entered an order staying any discovery responses and mandatory initial disclosures for sixty days, and granted the parties leave to renew their motion at the expiration of the sixty days.   *Id.*   On December 4, 2007, January 7, 2008, February 7, 2008, March 18, 2008, and July 2, 2008, Magistrate Frazier entered orders extending the discovery stay for an additional thirty days, and granted the parties leave to renew the motion at the expiration of that time period.   Doc. Nos. 45, 49, 52, 56, 64.

On November 1, 2007, the Plaintiff filed his response to the Motion (the "Response").   Doc. No. 39.   On May 21, 2008, District Judge Howard granted the Defendant's motion for leave to file a reply to the Response to the Motion.   Doc. No. 61.   On May 27, 2008, the Defendant filed its reply (the "Reply").  Doc. No. 62.   On June 11, 2008, the Defendant filed its Notice of Supplemental Authority in Support of the Motion (the "Supplemental Authority").   Doc. No. 63.

On July 14, 2008, District Judge Howard entered an order transferring the case to the Orlando Division of the Middle District of Florida.   Doc. No. 68.   On August 12, 2008, the Motion was referred to the undersigned for a report and recommendation.   On August 13, 2008, the Court entered an order staying discovery in the case for an additional thirty days.   Doc. No. 74.   The Motion is presently before the Court.

---

[1] On January 8, 2008, the Honorable Marcia Morales Howard entered an Order dismissing Toyota Motor North America, Inc. as a party defendant.  Doc. No. 50.

## II.    THE COMPLAINT

In the Complaint, Plaintiff asserts allegations "on behalf of a Class of all persons in Florida who purchased or leased a new Toyota Prius Hybid ("PRIUS") distributed or marketed by Defendant from January 1, 2000 through the present. . . ."  Doc. No. 1 at ¶ 1.  Plaintiff alleges that the Defendant's advertising *knowingly includes* fuel economy representations for the PRIUS which are "false and deceptive," and which induced Plaintiff and others to purchase the PRIUS.  *Id*. at ¶¶ 2, 4-5.    In the Complaint, Plaintiff admits that: "[t]he fuel economy numbers that [the Defendant] *advertised* in print, TV, and on the worldwide web for the PRIUS are those measured pursuant to the [Environmental Protection Agency] laboratory testing methods."  *Id*. at ¶ 25 (emphasis in original). Plaintiff specifically states, however, that he does "not challenge the EPA testing guidelines."  Doc. No. 1 at ¶ 2.   Instead, Plaintiff asserts that the Defendant's advertising of the Environmental Protection Agency's ("EPA") fuel economy calculations for the PRIUS misrepresented the actual fuel economy of the vehicle.   Moreover, the Plaintiff asserts that the Defendant's practice of advertising the EPA's fuel economy calculations for the PRIUS is not required by law.  *Id*. at ¶ 2.

Plaintiff alleges in the Complaint that Defendant's "advertising did not use the federally mandated disclaimer language '[a]ctual results *will* vary.'"  Doc. No. 1 at ¶¶ 22, 28 (citing federal regulations requiring fuel economy labels to contain the disclaimer: "Actual mileage will vary with options, driving conditions, driving habits, and [vehicle] condition." 40 C.F.R. § 600.307-86(a)(ii)(A)) (emphasis in the original).

In Plaintiff's First Cause of Action ("Count I"), he alleges that the Defendant violated Section 502.204(1) of the FDUTPA "when, in marketing, advertising, selling and leasing the PRIUS, [the

Defendant] misrepresented and failed to disclose the actual fuel efficiency of the PRIUS despite the fact that [the Defendant] knew or should have known of the actual fuel efficiency." Doc. No. 1 at ¶ 36-37.

In Plaintiff's Second Cause of Action ("Count II"), he incorporates by reference all other allegations in the Complaint and further alleges that: "Through deliberate misrepresentations or omissions in connection with the advertising, marketing, promotion, sale and lease of the PRIUS, Defendant has reaped benefits which resulted in [its] wrongful receipt of profits. Accordingly, Plaintiff maintains that Defendant will be unjustly enriched unless ordered to disgorge those profits for the benefit of Plaintiff and the Class." *Id*. at ¶ 41. In Plaintiff's Prayer for Relief, he seeks: (1) restitution or disgorgement of the amounts paid by Plaintiff and Class members, with interest, for the PRIUS; (2) actual damages; (3) statutorily provided damages; (4) statutory prejudgment interest; (5) reasonable attorneys' fees and costs; and, (6) injunctive relief enjoining the Defendant from misrepresenting the fuel efficiency of the PRIUS and requiring the Defendant to disclose the actual fuel efficiency of the PRIUS. *Id*. at 14-15.

### III.     THE MOTION TO DISMISS

In the Motion, the Defendant argues that the Plaintiff has failed to state a claim upon which relief can granted in Count I for the following reasons: (1) the Federal Trade Commission ("FTC"), through federal regulations, expressly requires that whenever advertising fuel economy information for a particular vehicle, manufacturers must disclose the fuel economy estimates created and provided by the EPA and to disclose that source of those estimates is the EPA; (2) the Defendant does advertise fuel economy estimates for the PRUIS, but it advertises, as required, the EPA's fuel economy estimates for the PRIUS; and (3) the savings clause of FDUPTA states that it does not

4

apply to an act required or permitted by federal law.  Doc. Nos. 25 at ¶¶ 1-2, 26 at  (*citing* 16 C.F.R. §§ 259.1(b)-(c), 259.2; Fla. Stat. §§ 501.204, 501.205, 501.212(1); *Prohias v. Astrazeneca Pharmaceuticals, L.P.*, 958 So. 2d 1054 (Fla. 3d DCA 2007)).  According to the Defendant, because the act or practice of advertising the EPA's fuel economy estimates for the PRIUS is permitted and required by federal law, as a matter of law that same act or practice cannot be deceptive or unfair under FDUPTA.   Thus, the Defendant argues Count I should be dismissed.

As an alternative argument for dismissal, the Defendant asserts that Plaintiff's state law claims conflict with the federal legislative and regulatory scheme for fuel economy advertising and, therefore, are "impliedly preempted by federal law."  Doc. No. 26 at 14.   According to the Defendant, the intent of the federal scheme is to prevent deceptive advertising and provide consumers with standardized, comparable fuel economy information.  *Id.* at 15-16 (*citing* 50 Fed. Reg. 11378 (March 21, 1985)).  The Defendant asserts that if Florida's statutory and common law is interpreted to require automobile manufacturers and dealers in Florida to advertise different fuel economy estimates that those required by the FTC or else be subjected to claims under FDUPTA, then there would be a conflict between the federal scheme and state law.  *Id.* at 14-17.   Thus, the Defendant argues that Plaintiff's claims are impliedly preempted and should be dismissed.

The Defendant also asserts that Plaintiff's argument that its advertising disclaimer failed to use federally mandated disclaimer language is flawed.  Doc. No. 26 at 10.  The Defendant maintains the federally mandated disclaimer language is specifically limited in the regulations to the EPA's fuel economy labeling requirements and, therefore, does not apply to FTC regulations concerning advertising.  *Id.* at 10-11.  According to the Defendant, "Plaintiff is mixing EPA apples with FTC oranges."  *Id.* at 10.

The Defendant argues that Count II should be dismissed for failure to state a claim "because Plaintiff failed to plead that no adequate remedy at law exists and a remedy at law is stated on the face of the Complaint."  Doc. No. 25 at ¶ 5 (*citing Martinez v. Weyerhaeuser Mortgage Co.* 959 F. Supp. 1511, 1518 (S.D. Fla. 1996)).   According to the Defendant, in addition to establishing the basic elements for a claim of unjust enrichment, a plaintiff must also demonstrate that no adequate remedy at law exists.  Doc. No. 26 at 17.[2]   Thus, Defendant argues that because Plaintiff stated a claim under FDUPTA and failed to state in the Complaint that no adequate remedy at law exists, Count II should be dismissed.  *Id*. at 19.

## IV.   PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS

In regard to Count I, Plaintiff maintains that Defendant's "representations of EPA fuel economy estimates in its marketing and advertising of the PRIUS are not . . . required by law."  Doc. No. 39 at 3.  Specifically, Plaintiff argues that federal regulations do not *prevent* Defendant from advertising an *additional* fuel estimate test or source and, therefore, the savings clause of FDUPTA does not apply.  Doc. No. 39 at 8-10.[3]  Plaintiff contends it is Defendant's failure to advertise additional and more accurate fuel efficiency test data for the PRIUS that is an actionable omission under FDUPTA.  *Id*. at 10-13.  In the Response, Plaintiff shifts his original allegations from the Complaint that Defendant's advertising knowingly includes false and misleading representations, and thus violates FDUPTA, to allegations that it is actually Defendant's omission to advertise additional,

---

[2] The Defendant maintains, "[u]nder Florida law, to state a claim for unjust enrichment, a plaintiff must allege that: (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it."  Doc. No. 26 at 17 (*citing Greenberg v. Miami Children's Hosp. Research Inst*., 264 F.Supp.2d 1064, 1072 (S.D. Fla. 2003)).

[3] Plaintiff also states generally that the federal Fuel Economy Guide does not have the force of law.  Doc. No. 39 at 10. However, the Court does not interpret Plaintiff's statement to argue that 49 U.S.C. § 32908(c)-(e), 49 C.F.R. § 600.407-77, and 16 C.F.R. § 259.2 do not have the force of law.

more accurate fuel efficiency information that violates FDUPTA.  Doc. 39 at 2, 10-12.  Thus, "the gravemen of Plaintiff's Complaint is that [Defendant's] advertising of the EPA's estimates – without more, . . . are inherently deceptive."  *Id.* at 12.

In the Response, Plaintiff fails to address Defendant's argument that the EPA's required disclaimer statement does not apply to FTC regulations concerning advertising.  Thus, that portion of Defendant's Motion is undisputed.

In regard to Defendant's implied preemption argument, Plaintiff states that "Defendants fail to demonstrate any implied Congressional intent to preempt Plaintiff's state law claims in the EPCA or FTC guide because Plaintiff's state law claims do not stand as an obstacle to achieving a Congressional objective and [Defendant] has provided no support for its assertion that state tort law liability would discourage compliance with the EPCA or FTC guide."  Doc. No. 39 at 3, 15-19 (relying on *True v. American Honda Motor Co., Inc.*, 520 F.Supp.2d 1175 (C.D. Cal. 2007)).

Regarding Count II, Plaintiff cites *In Re Burton Wiand Receivership Cases*, 2007 WL 963165 *5 (M.D. Fla. March 27, 2007) for the proposition that under Florida law, an unjust enrichment claim may be maintained even though an adequate legal remedy exists.  Doc. No. 39 at 19.  Additionally, Plaintiff asserts that it is "appropriate for Plaintiff to plead an unjust enrichment claim in the alternative to his FDUPTA claim."  Doc. No. 39 at 19.  Thus, Plaintiff argues that the Motion should be denied as to Count II.

## V.    DEFENDANT'S REPLY

In his Reply, Defendant asserts that Plaintiff admits that Defendant's advertising was permitted and required by the FTC's requirements and, therefore, Count I should be dismissed under the savings clause of Section 501.212(1), Florida Statutes.  Doc. No. 62 at 1-2, 5.   The Defendant

maintains that Plaintiff's argument that it is actually the Defendant's omission to advertise an additional, non-EPA estimate that is actionable under FDUPTA, is specious.  *Id*. at 3.   The Defendant states: "Because [Defendant's] use of EPA estimates [in advertising] is both required and permitted by the FTC, the use of those estimates in . . . advertising falls squarely within the FDUPTA safe harbor," and, therefore, Defendant argues that its advertisements "are not likely to deceive a reasonable consumer as a matter of law because the advertisements accurately represent the EPA estimates and disclose the EPA as the source of the estimates."  *Id*. at 5, 6 (*citing Beale v. Biomet, Inc.*, 492 F.Supp.2d 1360, 1373-74 (S.D. Fla. 2007)).

Regarding Count II, Defendant states that Florida law creates a narrow exception that would allow a plaintiff to plead unjust enrichment in the alternative when an adequate remedy at law is stated in the complaint, but Defendant maintains that the narrow exception only applies in cases where an express or oral contract exists.  Doc. No. 62 at 8 (*citing Williams v. Bear Sterns & Co.*, 725 So.2d 397, 400 (Fla. 5th DCA 1998)).

## VI.    Defendant's Supplemental Authority

Defendant's Supplemental Authority contains a June 11, 2008 order on a motion to dismiss from the Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, in *Godfrey v. Toyota Motor Sales, U.S.A, Inc.*, Case No. 07-5132, Doc. No. 30, 2008 WL 2397497 (W.D. Ark. June 11, 2008). Doc. No. 63.  The plaintiffs in *Godfrey* were represented by the Plaintiff's counsel in this case.  *Godfrey*, Case No. 07-5132, Doc. No. 1. (W.D. Ark. July 27, 2007). The claims in *Godfrey* arise out of similar facts to those asserted in his case and both cases involve the same Defendant.  *Id. Godfrey* involved a claim under the Arkansas Deceptive Trade Practices Act

8

("ADTPA") and a claim for unjust enrichment. *Id.*[4]   On June 11, 2008, District Judge Hendren

granted Defendant's motion to dismiss stating:

> Clearly, the FTC regulations require the use of EPA estimates in fuel
> economy advertisements.   16 C.F.R. § 259.2.   And, caselaw clearly
> supports the view that the FTC regulations are, at a minimum,
> "interpretative rules" or guides.   *State v. Amoco Oil Co.*, 293 N.W. 2d
> 487, 496 (Wis. 1980); [sic].   Further, "[f]ailure to comply with the
> guides may result in corrective action by the Commission under
> applicable statutory provisions."   16 C.F.R. § 1.5.   It is, therefore, no
> great jump for the Court to find that plaintiffs' claim under the ADTPA
> should be dismissed as the ADTPA has clearly exempted
> [advertisements that comply with statutes or regulations administered
> by the FTC].

*Godfrey*, 2008 WL 2397497 *3.   In *Godfrey*, the court also dismissed the unjust enrichment claim.

*Id*.

## VII.   THE LAW AND ITS APPLICATION

### A.      Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, a court must accept all factual allegations in

the complaint as true and read them in the light most favorable to the plaintiff.   *Erickson v. Pardus*,

551 U.S. __, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406,

122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).   To satisfy the Rule 8 pleading requirements, a complaint

must contain a short and plain statement showing an entitlement to relief, and the statement must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*See also Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)

(citations omitted).   "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

---

[4] The relevant portions of ADPTA state: "'[t]his chapter does not apply to . . . [a]dvertising or practices which are subject
to and which comply with any rule, order, or statute administered by the Federal Trade Commission . . .' Ark. Code Ann.
§ 4-88-101(1);  and '[a]ctions or transactions permitted under laws administered by . . . [any] regulatory body or officer
action under statutory authority of [Arkansas] or the United States. . . .' Ark. Code Ann. § 4-88-101(3)." *Godfrey*, 2008
WL 2397497 at *2.

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* at 1965.  Plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim.  *Id.*

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of a plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

### B.       Legislative and Regulatory Scheme

Pursuant to the Energy Policy and Conservation Act of 1975 ("EPCA"), federal law specifically requires dealers of every new automobile manufactured for sale or lease in the United States to affix a label, in a prominent place on the vehicle, which indicates the vehicle's estimated fuel economy.  EPCA, Pub. L. No. 94-163 (1975) (codified as amended at 49 U.S.C. § 32908(b)).  In furtherance of the EPCA, Congress empowered the head of the EPA, the Administrator of the EPA (the "EPA Administrator"), to develop specific rules and regulations regarding the labeling of those fuel economy estimates.  49 U.S.C. § 32908(b); *see also* 40 C.F.R. § 600.307-95.  Congress tasked the EPA Administrator with calculating the estimated fuel economy of every new vehicle in terms of miles per gallon for city and highway use.  49 U.S.C. § 32904; 40 C.F.R. § 600.209-85; 16 C.F.R. § 259 *et. seq.*    Federal law requires that automobile dealers make available to customers a fuel

10

economy booklet called the *EPA Fuel Economy Guide* ("EPA Guide") which is prepared and distributed by the EPA Administrator.  49 U.S.C. § 32908(c).

In furtherance of the EPCA, the FTC regulates advertising of the EPA's estimated fuel economy for all new automobiles.  *See* 16 C.F.R. § 259 *et. seq*.  The FTC's *Guide Concerning Fuel Economy Advertising of New Automobiles* ("FTC Guide") states that it was "issued in response to a dramatic increase in advertising fuel economy claims based on a proliferation of different test procedures.  The record . . . showed both the importance of fuel economy to consumers in their automobile purchasing decisions and the need for meaningful fuel economy information based on a standard testing procedure."  60 Fed. Reg. 56230-01 (November 8, 1995), 1995 WL 652912.  According to the FTC Guide, it was amended in 1978 to make the requirements for advertising disclosures consistent with EPA requirements concerning fuel economy labels.  *Id*.  The FTC's stated intent concerning the advertising requirements is that:

> The FTC continues to believe that disclosure of EPA mpg numbers [city mpg and/or highway mpg] provides consumers useful and understandable comparative fuel economy information.  (See 40 FR 42003, September 10, 1975.)  While there is undoubtedly a cost to providing this information, the FTC believes that the cost is relatively small and is more than offset by the value of the information, which enables consumers to judge the relative fuel economy of comparative automobile models.

*Id*.  Thus, the statutory and regulatory scheme behind advertising city and highway fuel economy estimates calculated and supplied by the EPA is intended to support consumer confidence by creating and mandating utilization of a uniform standard for comparison in regard to fuel efficiency.

## C.     Count I

Federal regulations unequivocally require that every manufacturer or dealer of any new automobile who makes any express or implied advertising representations concerning the fuel

economy of the vehicle must disclose the fuel economy estimates of the EPA and must disclose that

the EPA as the source of those estimates.  16 C.F.R. § 259.2.  If an advertisement also contains a

non-EPA fuel economy estimate or source, that estimate must be featured substantially less

prominently than the EPA's estimates.  16 C.F.R. § 259.2(c).

　　　　FDUPTA states in pertinent parts that:

>　　　The provisions of this part shall be construed liberally to promote the
> following policies: . . . (3) **To make state consumer protection and
> enforcement consistent with established policies of federal law
> relating to consumer protection**.
>
> 　　　　　　　　　　. . .
>
> It is the intent of the [Florida] Legislature that, in construing
> [FDUPTA], due consideration and **great weight shall be given to the
> interpretations of the Federal Trade Commission** and the federal
> courts relating to [the Federal Unfair Trade Practices Acts, 15 U.S.C. §
> 45].
>
> 　　　　　　　　　　. . .
>
> **All substantive rules promulgated under this part must not be
> inconsistent with the rules, regulations, and decisions of the
> Federal Trade Commission**. . . .
>
> 　　　　　　　　　　. . .
>
> [FDUPTA] **does not apply to: (1) An act or practice required or
> specifically permitted by federal or state law**.

Fla. Stat. §§ 501.202(3), 501.204(2), 501.205(2), and 501.212(1) (2008) (emphasis added).  The First

District Court of Appeal has held that "subsection 501.204(2) should be interpreted to mean that, in

determining whether particular conduct violates [FDUPTA], a court should consider whether the

FTC and federal courts deem such conduct to be an unfair method of competition or an

unconscionable, unfair or deceptive act or practice under . . . the FTC Act."  *Mack v. Bristol-Myers

Squibb Co.*, 673 So. 2d 100, 104 (Fla. 1st DCA 1996).  A violation of FDUPTA includes any

violation of any of the rules promulgated by the FTC, including the standards of unfairness and

deception established by the FTC.  Fla. Stat. § 501.203(3)(a)-(b) (2008).  However, the opposite is

also true.  In *Prohias v. Astrazeneca Pharmaceuticals*, *L.P.*, 958 So. 2d 1054, 1056 (Fla. 3d DCA 2007), the Third District Court of Appeal dismissed the complaint after holding that certain promotional and advertising activities fell within the safe harbor provision of FDUPTA because the specific act or practice complained of was "specifically permitted" by federal law.

The Defendant's practice of advertising the fuel economy estimates provided by the EPA is permitted by the rules and regulations of the FTC, and required in any advertising that contains other fuel economy representations. 16 C.F.R. § 259.2.   Thus, Section 501.212(1), Florida Statues, specifically exempts that practice from claims under FDUPTA.

Plaintiff's argument that it is actually Defendant's omission to advertise an additional, more accurate fuel economy estimate that is actionable under FDUPTA is misguided.  Plaintiff specifically states in the Complaint and in the Response that he does not challenge or impugn the EPA's testing calculations or methods.  Rather, it is the Defendant's advertising of the same, without additional fuel economy estimates and the source thereof that is claimed to be deceptive.   However, as previously stated, Section 501.212(1), Florida Statutes, specifically exempts practices or acts required or permitted by federal law, and it is the precise act required by 16 C.F.R. § 259.2 that Plaintiff claims gives rise to liability.  To permit such a result would be contrary to the plain meaning of FDUPTA and the legislative and regulatory scheme for fuel economy labeling and advertising. As a matter of law, Defendant's practice of advertising the EPA's estimates and identifying the EPA as the source of those estimates is not unfair or deceptive.  *See Beale v. Biomet, Inc.*, 492 F.Supp.2d 1360, 1373-74 (S.D. Fla. 2007); *Sherman v. Manhattan Ford Lincoln-Mercury Inc.*, 431 N.Y.S. 2d

949, 950-51 (N.Y. 1980).  Therefore, it is recommended that Count I of the Complaint be dismissed

for failure to state a claim upon which relief may be granted. [5]

### D.      Count II

As stated above, Plaintiff specifically incorporated all other allegations in the Complaint into

his unjust enrichment claim.  Doc. No. 1.  "The Eleventh Circuit has interpreted Rule 10(b) of the

Federal Rules of Civil Procedure as not allowing the incorporation of all the factual allegations of all

prior counts in to each subsequent count."  *Ferdinand v. Caribbean Air Mail, Inc.*, 2002 WL

1907158 (S.D. Fla. May 24, 2002) (*citing Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905

(11th Cir. 1996)).  "In *Cesnik*, for example, the Eleventh Circuit noted that a complaint which

incorporates all prior counts in to each subsequent count was 'framed in complete disregard of the

principle that separate causes of action should be plead in separate counts,'" and, therefore the

"shotgun" complaint should be dismissed.  *Ferdinand*, 2002 WL 1907158 at *1 (*quoting Cesnik*, 88

F.3d at 905).  Therefore, Count II should be dismissed for failure to comply with the requirements of

Rule 10(b).

Plaintiff has alleged that Defendant knowingly advertised deceptive fuel economy estimates,

or knowingly omitted accurate fuel economy estimates.  Thus, Plaintiffs has pled *active misconduct*

on the part of the Defendant that directly led to Defendant's unjust enrichment.  *See* Dan B. Dobbs,

*The Law of Remedies* 372-373 (Second Edition, Hornbook Series) (1993).  However, the act or

practice alleged to be misconduct is permissible and required by federal law.  Thus, as a matter of

law the act or practice is not and cannot be misconduct that would give rise to unjust enrichment.

*See Prohias*, 958 So. 2d at 1056 ("[f]or the same reasons that Plaintiff has not pleaded a valid

---

[5] The Court finds is unnecessary to address Defendant's implied preemption argument because it was raised in the alternative to Defendant's savings clause arguments.

FDUPTA claim, she has failed to plead that Defendants have received an unjust benefit."). Furthermore, to hold that compliance with federal law and regulations would thereby subject a party to liability for a state unjust enrichment action would unnecessarily create a conflict between state and federal law.

In regard to the parties' arguments concerning whether a plaintiff must plead that no adequate remedy at law exists to state a cause of action for unjust enrichment, the Court finds that the parties cite to the applicable law, but fail to properly apply it.  Plaintiff is correct that generally under Florida law, the requirement to plead that no adequate remedy at law exists does not apply to claims for unjust enrichment.  *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998) ("'There is no dispute that under Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available.  However, this doctrine does not apply to claims for unjust enrichment.'"); (*quoting Mobil Oil Corp. v. Dade Co. Esoil Management Co., Inc.*, 982 F.Supp. 873, 880 (S.D. Fla. 1997)).  It is only in cases where an express contract exists that a party must plead that no adequate remedy at law exists.  *Williams*, 725 So. 2d at 400; *see also Rose Blue, N.V., v. Davis*, Case No. 6:07-cv-465-Orl-31GJK, 2008 WL 2225655 at *4 (M.D. Fla. May 29, 2008).  In the present case, neither party has argued that an express contract exists.  However, the Complaint specifically alleges that Defendant's advertising induced the plaintiff to enter into an agreement "to purchase or lease the PRIUS."  Doc. No. 1 at ¶ 5. Thus, on the face of the Complaint it is clear a contract exists regarding the transaction at issue.  In that context, the Plaintiff is required to plead that no adequate remedy at law exists and, because Plaintiff failed to do, Count II should be dismissed.

For the above stated reasons, the Court recommends that Count II should be dismissed for failure to state a claim upon which relief may be granted.

**THEREON it is RECOMMENDED THAT:**

(1) The Motion should be granted; and

(2) Plaintiff should be given an opportunity to file an amended complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within **eleven (11) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on August 29, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE